**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICARDO RUVALCABA-ORTIZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-73535

Agency No. A088-735-099

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2015[**]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and GLEASON,[***] District Judge.

Ricardo Ruvalcaba-Ortiz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

from an immigration judge's decision finding him inadmissible and ineligible for cancellation of removal, asylum, and protection under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

Ruvalcaba-Ortiz concedes he is inadmissible because he was never lawfully admitted to the United States. We lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review the BIA's discretionary decision to deny Ruvalcaba-Ortiz's application for cancellation of removal and therefore dismiss that part of his petition.[1] We deny the petition as to Ruvalcaba-Ortiz's untimely asylum claim because the Board's decision that the asylum application was untimely was supported by substantial evidence. *Al Ramahi v. Holder*, 725 F.3d 1133, 1138 (9th Cir. 2013) ("We review the BIA's determination for substantial evidence and will uphold its decision if it 'is supported by reasonable, substantial, and probative evidence on the record considered as a whole.' We may reverse the BIA only 'when the evidence in the record compels a reasonable factfinder to conclude that

---

[1]The BIA found Ruvalcaba-Ortiz precluded from cancellation of removal because he "had not established that his qualifying relatives would suffer exceptional and extremely unusual hardship should he be removed to Mexico." Because Ruvalcaba-Ortiz conceded inadmissiblity for being present without being admitted or paroled and we do not have jurisdiction to review the hardship determination, we do not reach Ruvalcaba-Ortiz's argument to this court that his conviction for falsely claiming U.S. citizenship does not render him inadmissible or ineligible for cancellation of removal.

2

decision is incorrect.'" (alteration in original) (quoting *Singh v. Holder*, 656 F.3d 1047, 1051-52, 1056 (9th Cir. 2011))). Ruvalcaba-Ortiz waived any appeal of the Board's decision regarding withholding of removal and CAT relief because he failed to adequately raise them in his brief, so we deny the petition with respect to those claims. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). In any event, the Board's denial of withholding of removal and CAT relief was supported by substantial evidence. *Al Ramahi*, 725 F.3d at 1138.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**